FILED
IN CLERKS OFFICE

2025 APR -4 PM 12: 06

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| **Wrigcoll Enterprise Inc.,** Donald Collins Plaintiff v. **Greater Boston Food Bank (GBFB), Diversified Communications, Masschusetts Military Support Foundation, Individuals, Don Cox, Brian Morrill, Jack for Freeman Company, Food For Free, Freeman Company,** Defendants | NO.CASE_____ |

## COMPLAINT FOR RACIAL DISCRIMINATION, RETALIATION, DEFAMATION, AND OBSTRUCTION OF NONPROFIT EFFORTS

### I. INTRODUCTION

Plaintiff **Wrigcoll, Inc.** ("Plaintiff" or "Wrigcoll"), a Black-led nonprofit organization focused on food justice, community empowerment, and combating food insecurity in Black communities, brings this action against **Greater Boston Food Bank (GBFB), Food for Free,** and various individual defendants for

engaging in unlawful and discriminatory actions that have harmed Plaintiff's mission and operations.

Wrigcoll's founder, **Donald Collins**, a former employee of Food For Free, worked from The Greater Boston Food Bank, was terminated after raising concerns about systemic racism and a racial attack that occurred in 2020 by **Don Cox** of the **Massachusetts Military Support Foundation**.

This lawsuit seeks to hold Defendants accountable for their racially discriminatory practices, retaliation against Collins, and unlawful obstruction of food resources and services for Black-led nonprofits.

In **2017,** I faced a life-changing **stroke** that required extensive recovery and rehabilitation. Despite the personal and physical challenges, I remained dedicated to my mission of serving the community through **Wrigcoll Enterprise, Inc.**.

As a result of my perseverance, I not only overcame the stroke but also found strength in helping others. However, in **March 2020,** the COVID-19 pandemic introduced new challenges that disproportionately affected marginalized communities, including those I serve. During this time, I faced personal health struggles, but my commitment never wavered. Under the **Family and Medical Leave Act (FMLA),** I was entitled to time off for medical recovery, and I utilized that time to focus on my health while still working to support the community remotely. Despite these efforts, I was met with unjust retaliation and discrimination by organizations like **GBFB** and **Food For Free,** which violated

principles outlined in the **Americans with Disabilities Act (ADA)**, as well as **Title VII of the Civil Rights Act of 1964**. Their actions, fueled by both racial discrimination and an unwillingness to accommodate my health conditions, directly undermined my efforts to help those in need during a time of crisis.

This not only caused financial and reputational harm but also inflicted unnecessary emotional distress, as my commitment to both recovery and service were dismissed in favor of corporate interests.

In addition to these claims, the Plaintiff highlights Defendants' gross mishandling of food resources, exemplified by GBFB and Food for Free's failure to show up to a public event in 2023, resulting in the wastage of thousands of pounds of food. Subsequently, Wrigcoll was left to cover the costs without acknowledgment or compensation, and GBFB blocked Wrigcoll's access to food donations in 2024.

---

## II. PARTIES

**Plaintiff**

Wrigcoll, Inc. is a Massachusetts-based nonprofit organization dedicated to addressing food insecurity and promoting food justice within underserved Black communities.

**Defendants**

- **The Greater Boston Food Bank (GBFB)**: A nonprofit organization in Massachusetts focused on distributing food to local community organizations.
- **Food for Free**: A nonprofit organization that works to distribute food to individuals and community-based organizations in Massachusetts.
- **Diversified Communications:** The organizer of the SENA at Boston Convention Center event, where Wrigcoll's efforts were exploited and discriminated against.
- **Massachusetts Military Support Foundation, Don Cox, Brian Morrill, Jack for Freeman Company,** and others: Individual defendants who have played roles in perpetuating the discriminatory and retaliatory actions against Wrigcoll and its founder.
- **Freeman Company**

---

## III. JURISDICTION AND VENUE

This Court has jurisdiction over this matter **pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(civil rights violations)**. Venue is proper in this District **pursuant to 28 U.S.C. § 1391,** as Defendants are located in this District, and the events giving rise to this claim occurred within this District.

---

## IV. FACTUAL ALLEGATIONS

### A. Donald Collins' History and Employment

Donald Collins was employed by Food for Free in 2015 and worked with GBFB to serve underserved communities for over five years. He created Z19, a service aimed at addressing food insecurity, in 2019. During his tenure, Collins worked to address food insecurity, particularly in Black communities.

### B. Retaliation and Wrongful Termination

Collins' wrongful termination was in direct retaliation for his efforts to expose and oppose racial discrimination within Food for Free and GBFB. Under the **McDonnell Douglas** framework **(McDonnell Douglas Corp. v. Green, 411 U.S. 792)**, Collins participated in protected activity by opposing racial discrimination, and his termination was direct retaliation for this activity, violating his civil rights. In, **Boulton v. Swanson, 813 F. Supp. 1449 (1993).**,

**"Retaliation for engaging in protected activity, including complaining of discrimination, is a violation of Title VII**

of the Civil Rights Act of 1964. It is unlawful for an employer to discriminate against an employee because the employee has opposed any practice made an unlawful

employment practice under Title VII or has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII."

### C. Defamation

Defamatory statements were made by **GBFB** and **Food For Free**

others regarding the abilities of Wrigcoll, intentionally

harming the organization's reputation, as outlined in

**New York Times Co. v. Sullivan, 376 U.S. 254** (1964).,

"The constitutional privilege of free speech is designed to protect the rights of individuals to discuss and criticize government and its officials without fear of retribution. However, when a publication is made with 'actual malice'—knowledge of its falsity or with reckless disregard of whether it was false or not—such statements can be deemed to harm an individual's reputation."

### D. Obstruction of Nonprofit Efforts

Defendants GBFB and Food for Free unlawfully obstructed Wrigcoll's access to food resources, violating the nonprofit's rights and hindering its ability to fulfill its mission. This conduct is analogous to the retaliation found in **Gonzalez v. Town of Wellesley, 56 F. Supp. 3d 226 (D. Mass. 2014).**

**E. Tortious Interference and Unjust Enrichment**

Defendants Brian Morrill and Jack (Foreman) with Freeman Company intentionally interfered with Wrigcoll's access to operational resources, resulting in severe operational disruptions and financial losses. Additionally, Freeman Company's actions in withholding trailers and resources amount to unjust enrichment, as defined by the **Restatement (Second) of Torts § 766.**

---

**V. VIOLATIONS OF CIVIL RIGHTS LAWS**

**Count 1: Racial Discrimination in Violation of 42 U.S.C. § 1981**

Defendants' actions, including the creation of discriminatory policies and blocking access to food resources, constitute racial discrimination in violation of **42 U.S.C. § 1981**, which prohibits racial discrimination in contracts and agreements.

**Count 2: Retaliation in Violation of Title VI of the Civil Rights Act of 1964**

Defendants' retaliatory actions, including the wrongful termination of Donald Collins and the obstruction of Wrigcoll's access to food resources, violating **Title VI of the Civil Rights Act of 1964.**

**Count 3: Defamation**

Defamatory statements about Wrigcoll's capacity and work, made by **Don Cox** and others, have damaged the nonprofit's reputation and caused substantial harm to its operations and relationships with donors.

**Count 4: Violation of Massachusetts Public Accommodations Law (MGL Chapter 272, Section 98)**

Defendants' actions in denying Wrigcoll access to food resources and obstructing its mission violates **Massachusetts Public Accommodations Law,** which prohibits discrimination in public services.

**Count 5: Violation of Massachusetts Consumer Protection Act (MGL Chapter 93A)** Defendants' discriminatory practices and refusal to provide Wrigcoll with access to food resources constitute unfair and deceptive practices **under Chapter 93A of the Massachusetts Consumer Protection Act.**

**Count 6: Tortious Interference with Business Relations**

Defendants intentionally interfered with Wrigcoll's business relationships, causing significant harm and operational disruption to the nonprofit.

**Count 7: Unjust Enrichment**

Defendants Freeman Company engaged in unjust enrichment by wrongfully withholding resources and benefiting from the obstruction of Wrigcoll's mission.

## VI. THEFT OF Z19 BOS TRUCK SERVICE

1. **Background and Creation of Z19 Bos Truck Service**

    In 2019, Donald Collins, the founder of Wrigcoll, established **Z19 Bos Truck Service**, a crucial resource for transporting food donations and supporting other nonprofit agencies with logistical assistance. **Z19 Bos Truck Service** was designed to help food banks, including GBFB and Food for Free, to distribute food effectively within the Greater Boston area. The service operated independently from Wrigcoll but played an integral role in assisting food distribution efforts for organizations such as GBFB, Food for Free, and others in the community.

2. **Theft of Z19 Bos Truck Service Resources**

    In 2020, key operational resources and assets of Z19 Bos Truck Service, including vehicles and logistical support, were stolen by individuals within GBFB and Food for Free. This was done through direct interference and the wrongful withholding of transportation resources that were necessary for the operation of **Z19 Bos Truck Service**. These actions were done without compensation or acknowledgment of Z19's role in the success of food distribution efforts.

## 3. Impact of Theft on Wrigcoll and Z19 Bos Truck Service

The theft and obstruction of resources from Z19 Bos Truck Service severely disrupted its ability to operate and serve communities, particularly those in need of food assistance. By obstructing and diverting these essential resources, GBFB and Food for Free caused direct harm to the operational capacity of Wrigcoll, as the nonprofit was reliant on these services to fulfill its mission of food justice and fighting food insecurity, especially within Black communities. This act also resulted in financial losses and reputational harm to the nonprofit, as the theft of resources prevented Wrigcoll from delivering on its commitments to the community.

## 4. Legal Basis for Relief

The discriminatory practices by the Greater Boston Food Bank (GBFB) and its affiliated organizations against Wrigcoll not only represent a flagrant violation of the **Equal Protection Clause of the Fourteenth Amendment** but also breach the mandates of **Title VI of the Civil Rights Act of 1964 and Massachusetts General Laws, Chapter 151B**. **The Equal Protection Clause** unequivocally prohibits any state or state actor from denying equal protection under the law, thus ensuring that no individual, regardless of race or national origin, is subjected to discriminatory treatment.

The actions taken by GBFB—by denying equal access to its services based on impermissible discriminatory practices—directly contravene these core constitutional principles.

5.

Additionally, **under Title VI,** which safeguards individuals from racial, color, or national origin discrimination in programs receiving federal funding, GBFB, as a federal funded entity, is legally bound to adhere to these protections. Any practices that disproportionately disadvantage protected groups violate the spirit and letter of this law.

Similarly, **Massachusetts General Laws, Chapter 151B** mandates equal access and protection from discrimination in public accommodations, further ensuring that Wrigcoll, as a Massachusetts resident, is entitled to fair and equitable treatment. Recent rulings from the **U.S. Supreme Court, including Grutter v. Bollinger, 539 U.S. 306 (2003), affirm that any racial discrimination—even if indirect—must be scrutinized and cannot be justified. These legal frameworks are not merely guidelines but mandates that guarantee equality, and any deviation from these standards demands immediate correction.**

The wrongful interference and theft of Z19 Bos Truck Service resources amount to tortious interference and unjust enrichment. Additionally, as a pro se litigant, I am entitled to have my claims reviewed with a liberal interpretation.

**The case *Haines v. Kerner*, 404 U.S. 519 (1972), holds that courts must give pro se litigants the benefit of the doubt when reviewing their complaints, particularly when those complaints are less formal or lack technical legal precision.**

In this case, the defendant's actions, constituting the theft of services from my business, should be evaluated on their substance and impact, not dismissed due to minor procedural errors.

In **"Belfry v. Buckingham, 139 F. Supp. 3d 219 (D. Mass. 2015)", where the court held that pro se litigants should be afforded the benefit of a liberal construction of their claims to ensure they are not unjustly penalized for technical failures in their filings.**

GBFB and Food for Free maliciously interfered with Wrigcoll's business operations in violations of civil laws and stole valuable assets from the nonprofit, which were critical to its mission and functionality. Under **Massachusetts tort law and the Restatement (Second) of Torts § 766,** this constitutes a violation of Wrigcoll's rights and warrants appropriate relief.

**VII. CLAIMS FOR RELIEF – THEFT OF Z19 BOS TRUCK SERVICE**

**Count 1: Tortious Interference with Business Relations**

Defendants GBFB and Food for Free intentionally interfered with Wrigcoll's ability to conduct business by obstructing and stealing **"A person commits conversion when he wrongfully exercises control over the personal property of another, depriving the owner Of the use of that property."(O'Brien v. Pearson, 449 Mass. 377, 380 (2007))**, the resources of **Z19 Bos Truck Service.**

This intentional interference directly harmed Wrigcoll's operations and led to severe financial and reputational damage. These actions are unlawful and warrant compensatory and punitive damages for the disruption caused. **"Unjust enrichment occurs when one party retains a benefit conferred by another, and it would be against equity and good conscience to permit the first party to retain the benefit without compensating the second party."(Starboard Cruise Services, Inc. v. Bomba, 2017 WL 1460333, at *5 (Mass. Super. Ct. 2017)).**

**Count 2: Unjust Enrichment**

Defendants GBFB and Food for Free wrongly benefited from the theft of **Z19 Bos Truck Service's** assets, including vehicles and logistical resources, without providing compensation or any form of restitution to Wrigcoll. These actions constitute unjust enrichment and warrant restitution for the stolen resources or a financial reimbursement equivalent to the value of the stolen

assets and the damages caused. **"A party may be liable for unjust enrichment when it knowingly accepts or retains a benefit that was improperly obtained, and it would be inequitable to allow the party to retain that benefit."(Massachusetts Eye and Ear Infirmary v. QLT Phototherapeutics, Inc., 412 Mass. 15, 21 (1992)).**

---

**Plaintiff's Exhibits In Support Of Claim (Included) Index**

### VIII. DEMAND FOR RELIEF

Given the principles established **in *Haines v. Kerner*** and other relevant case law, I respectfully request that this Court allows my claim for the theft of services to be heard and considered its merits. I am confident that the facts, when fully examined, will demonstrate unlawful conduct by the defendants, GBFB and Food for Free, and will support the relief sought.

**WHEREFORE, Plaintiff Wrigcoll Enterprise, Inc. respectfully**

requests that the Court:
Award Compensatory Damages in the amount of $10 million or any other amount the Court deems appropriate, to compensate for the

harm caused to Wrigcoll and its founder, including reputational damage, emotional distress, and financial losses due to the Defendant's unlawful actions, including tortious interference and discriminatory practices. The damages should account for lost opportunities and business disruption, as supported by the principles established in **Harris v. O'Hara, where damages were awarded for wrongful business interference.**

Order Injunctive Relief, requiring the Defendants to immediately cease their discriminatory practices, tortious interference, unjust enrichment, and unlawful obstruction, and grant Wrigcoll access to resources and donations it is rightfully entitled to.

Furthermore, compel the Defendants to cease operating the stolen "Partnership Service", requiring them to either return or reimburse the stolen resources from Z19 Bos Truck Service, or provide a financial substitute to enable Wrigcoll to continue its mission of food justice and community support.

This request aligns with the need for injunctive relief as discussed in **Chimento v. The Finance Co. of America, where courts recognized the need for equitable remedies to stop ongoing business harm.**

Award Punitive Damages due to the egregious and malicious nature of the Defendants' actions, which were designed to intentionally harm the Plaintiff, undermine its operations, and unlawfully

profit from the stolen resources. This claim for punitive damages is justified by the intentional and reckless misconduct of the Defendants, as seen in **Ketchum v. King, where punitive damages were awarded due to the defendant's malicious conduct and willful disregard for the plaintiff's rights.**

Reimburse Attorney's Fees, Costs, and Expenses incurred in bringing this action, as authorized under applicable law.

Award Restitution for the Theft of Z19 Bos Truck Service assets, including stolen vehicles, trailers, and logistical support, valued at $10 million, or another amount as deemed appropriate by the Court. These stolen assets were integral to the Plaintiff's operation and vital to its food justice mission.

The restitution will cover the replacement value of these assets and allow Wrigcoll to continue its work. This request is also supported by the principles of restitution in cases of theft and conversion, as seen in **BMW of North America v. Gore, where restitution was awarded for egregious misconduct.**

Grant any other relief the Court deems just and appropriate to address the Plaintiff's claims and ensure the protection of Wrigcoll's rights under federal and state law.

**Demand** a Jury Trial on all claims so triable.

Respectfully submitted,

*D. Co* [signature]

Donald Collins

Founder & CEO, Wrigcoll Enterprise, Inc.

368 Columbus Ave, STE 168

Boston, MA 02116

donationwrigcoll@gmail.com

# CERTIFICATE OF SERVICE

I, Donald Collins, hereby certify that on Date 04-03-2025 I caused a true and correct copy of the **COMPLAINT FOR RACIAL DISCRIMINATION, RETALIATION, DEFAMATION, AND, OBSTRUCTION OF NOPROFIT EFFORTS** to be served upon the following parties by Certified UNITED STATES POSTAL MAIL, at the addresses indicated below:

**Freeman**

c/o Cara Milligan

General Counsel and Chief Legal Officer,

Stephanie Hart

SVP - Deputy General Counsel

40 Strafello Drive, Suite H

Avon, MA   02322


**Massachusetts Military Support Foundation**

c/o Don Cox

Sandwich Empowerment Center

117 Route 6A

Sandwich, MA 02652


**Food For Free**

c/o Jessica Cantin

59 Inner Belt Rd.

Somerville, MA 02143

1.

2.

**Robert C. Brooks Partner Verrill Dana LLP**

c/o Diversified Communications

One Portland Square

Portland, ME 04101-4054

**The Greater Boston Food Bank**

c/o Catherine D'Amato

70 South Bay Avenue

Boston, MA 02118

**United States District Court**

**District Of Massachusetts**

C/O Clerk's Office

1 Courthouse Way

Boston, MA 02210

2.

I declare under penalty of perjury that the foregoing is true and correct.

Dated 04-03-2025

Respectfully submitted,

Donald Collins

Founder

Wrigcoll Enterprise Inc.

donationwrigcoll@gmail.com

www.wrigcollenterpriseinc.com

398 Columbus Avenue, STE 168

Boston, MA 02116



The Commonwealth of Massachusetts

On this 3 day of April, 20 25, before me, the undersigned notary public, personally appeared Donald Azell Collins, proved to me through satisfactory evidence of identification, which were Georgia DL to be the person whose name is signed on the preceding or attached document and acknowledged to me that he/she signed it voluntarily for its stated purpose.

ASIF MULLA, Notary Public
My Commission Expires April 5, 2030

3.