UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WRIGCOLL ENTERPRISES INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 25-10819-ADB |
| | * | |
| GREATER BOSTON FOOD BANK, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

ORDER

BURROUGHS, D.J.

Upon review of plaintiff Donald Collins's motion for leave to proceed in forma pauperis, ECF No. 2, amended complaint, ECF No. 15, and motion for appointment of counsel, ECF No. 16, the Court hereby orders:

1. The motion for leave to proceed in forma pauperis is GRANTED.

2. The Clerk shall terminate Wrigcoll Enterprise Inc. as a party to this action.

3. If Collins wishes to prosecute this action, he must, within twenty-eight (28) days of the date of this order, file a second amended complaint, in which he identifies within the body of the pleading the specific alleged misconduct of each defendant.

Collins names as defendants four different entities (Greater Boston Food Bank, Freeman Company, Diversified Communications, Massachusetts Military Support Foundation) and five individuals (Brian Morrill, Jack (Dock Foreman of Freeman Company), Carlyn Levitt, Wynter Courmont, Don Cox). Collins impermissibly "lumps" the defendants together, referring collectively to "Defendants" throughout the complaint even though it is clear they could not have all committed the same acts. As a result, the amended complaint does not give any defendant

adequate notice of the claim against them and the pleading does not contain sufficient factual material to allow a reasonable inference that each defendant is liable to Collins.[1] For example, Collins alleges that "Defendants placed Plaintiff and other Black participants in a 'cattle-style' holding area before forcibly ejecting them from the building." Amend. Compl. at 3. Given the nature of the alleged misconduct, the Court cannot infer that all the defendants participated in this action.

    4.    The motion for appointment of counsel is DENIED without prejudice.

    IT IS SO ORDERED.


October 28, 2025                        /s/ Allison D. Burroughs
                                          ALLISON D. BURROUGHS
                                          U.S. DISTRICT JUDGE

---

[1] To state a claim upon which relief may be granted, a complaint must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that a complaint include a "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). The "fundamental purpose" of this pleading rule "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015 (quoting Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008)); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("short and plain" statement of the claim must provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests" (alteration in original) (citation omitted)). In addition, in determining whether the complaint shows that a plaintiff is entitled to relief, the Court only considers "well-pleaded" factual allegations. In other words, allegations that consist merely of "labels and conclusions" are not credited. Twombly, 550 U.S. 544, 555.